UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KRISTY L. LESSLEY, <br> KARA J. RHODEHAMEL, <br> and KAYLA M. MESSER, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF MADISON, INDIANA, including <br> its BOARD OF PUBLIC WORKS AND SAFETY, <br> its POLICE DEPARTMENT, and its FIRE <br> DEPARTMENT; et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  4:07-cv-136-DFH-WGH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON PLAINTIFFS'
MOTION FOR SANCTIONS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the plaintiffs' Motion for Sanctions Against the City of Madison, Mayor Albert G. Huntington, Chief Robert Wolf, Jim Lee and Robert L. Barlow, II for Obstructing Discovery filed September 25, 2008. (Docket No. 137). Defendants filed their Opposition to Plaintiffs' Motion for Sanctions on October 15, 2008. (Docket No. 147). Plaintiffs' Reply was filed on October 21, 2008. (Docket No. 149).

The Magistrate Judge, being duly advised, now **GRANTS** the motion for sanctions as follows:

Three plaintiffs have filed this civil action seeking damages for what are allegedly improper strip searches to which they were subjected on one occasion

on January 19, 2007. They filed their original Complaint in state court on September 17, 2007, and the case was removed to this court on October 15, 2007. This motion for sanctions alleges that certain of the defendants have engaged in dilatory conduct during the discovery phase of this litigation which warrant sanctions.

The plaintiffs first directed discovery requests to the City, the Mayor, Mr. Lee, and Chief Wolf contemporaneously with the filing of their Complaint in state court on September 17, 2007. The case was removed on October 15, 2007, and upon removal, an Amended Complaint adding defendant Robert Barlow was filed on November 2, 2007. According to the plaintiffs, on December 10, 2007, new supplemental discovery requests and the prior discovery requests which had been served in the state court case were again served on the City, the Mayor, Mr. Lee and Chief Wolf and, for the first time, Robert Barlow. It should be noted that a Case Management Plan was filed by the parties on December 7, 2007, and approved by the court on December 19, 2007, allowing discovery to begin, as required under Federal Rule of Civil Procedure 26.

The parties agree that responses to the newly served supplemental requests were due January 12, 2008, and that the parties jointly agreed to an extension through February 24, 2008, to file a response. However, when no response was filed by that date, on March 3, 2008, counsel for plaintiffs sent the defendants a letter reminding them of their obligations to respond, attempting to discuss the matter under Rule 37, and indicating a motion to compel would be

filed if responses were not received by March 10, 2008. No responses were received by that date, and the Motion to Compel was filed. (Docket No. 61).

On March 17, 2008, one week after the filing of the motion, this court granted the Motion to Compel and ordered responses to be produced by March 31, 2008. (Docket No. 63). This order was entered on an expedited basis. Generally, if a motion to compel is filed indicating that the parties have been in communication with each other, that the defendants have filed formal objections, and that certain rulings by the court may be necessary to resolve the dispute, it is the practice of this court to allow 15 days for the response to the motion to be served. However, when the Motion to Compel recites that no responses at all have been provided, that they have been promised on several occasions, and that there are depositions scheduled in the near future, the court will expedite the ruling on the motion. In this case, it was represented to the court that no responses had been received for some time beyond the deadline and that depositions were set for April 16-18. Therefore, the court concluded that because no answers had been filed after repeated promises, and because the depositions were scheduled in the near future, such a motion should be granted.

Neither responses nor motions to reconsider the court's order were filed by March 31, 2008. There was filed on March 31, a motion for a one-week extension of time to respond. (Docket No. 68). That motion did not indicate that there were objections to either the interrogatories or requests for production or

to the court's order, but merely indicated that because of personal problems with counsel's calendar, an additional week to respond was necessary.

However, the defendants did not comply with the court's order on April 7, 2008 and, in fact, the only responses delivered were delivered at the close of business on April 15, 2008 – immediately before depositions scheduled to begin the morning of April 16, 2008. The responses produced were only partial responses, and there were certain items that were not produced. There is no indication that the items not produced were withheld subject to any claims of privilege, and no privilege log was provided.

Depositions were commenced on April 16 and 17, 2008. During the depositions of Sgt. Royce and Patrolman Simpson, their deposition testimony differed from the sworn answers contained in the first discovery request responses in several material ways.

Chief Wolf was the last scheduled deposition. Near the conclusion of his deposition, defendants' counsel announced that a decision had been made to produce withheld documents and those documents were removed from a sealed evidence bag and marked as Deposition Exhibits 106 and 107. Counsel advised the plaintiffs' counsel that he had been in possession of such records since February 14, 2008, but had withheld them.

In the original request for production of documents, the plaintiffs had requested the personnel files of each of the officers who are named defendants and the Chief of Police. Despite the order compelling these rather standard items, none of the personnel records were produced prior to the deposition.

At his deposition, Chief Wolf testified that he had prepared certain records covering the incident which is the subject of the Complaint. None of these records were produced prior to his deposition, nor was the court order to compel challenged in any manner that they should not be produced. The records were not produced at the deposition, but were mailed to counsel one month after the deposition with an indication (in the form of an unsigned and undated note from the Chief) that several of the reports "could not be located."

Defendant Barlow testified in his deposition that he maintained files and email correspondence specifically relating to the events involved in this suit. Mr. Barlow testified that despite the disclosure requirements of Rule 26 and the order compelling documents, he had not made any attempt to look for or produce those files or emails in response to the discovery request. There is no indication before this court that Mr. Barlow produced any type of privilege log identifying the items which he maintained in a manner in which the court or opposing counsel could determine whether they are subject to a claim of privilege.

The first discovery request to the City, the Mayor, Mr. Lee, Chief Wolf, and Mr. Barlow sought a copy of standard operating procedures for the Madison Police Department involving warrantless searches. No such procedures were provided in response to interrogatory requests initially. Later, on December 21,

2007, a supplemental response indicated that 31 standard operating procedures which had been delivered to the plaintiffs pursuant to a public records request were all that were in existence.  However, in the deposition of Chief Wolf, it was determined that certain new standard operating procedures numbered 32 through 35 had been prepared prior to December 21, 2007, and had not been produced in response to the initial request for production or the public records request, and were not produced at or before the deposition of the Chief.  A particularly specific standard operating procedure number 35 (which addressed warrantless searches) was not produced until July 10, 2008, well after the deposition.  That standard operating procedure provided detailed rules concerning matters directly relevant to the strip searches which occurred on January 19, 2007.

Certain other complaint documents and audio dispatch tapes of the January 19, 2007 events have not been produced to date despite this court's orders.

Following the depositions, the plaintiffs served follow-up requests for production of documents on May 30, 2008.  Answers to these were due on or before July 1, 2008.  No responses were supplied in a timely manner.

A Motion to Compel the third discovery requests of May 30, 2008, was filed on August 11, 2008.  (Docket No. 85).  The defendants did not respond to the Motion to Compel, and on August 29, 2008, this court entered its order compelling these defendants to respond to the discovery by September 16, 2008.

(Docket No. 96). The defendants have not produced any of these items to this date.

In response and opposition to the plaintiffs' Motion for Sanctions, defendants' counsel acknowledges that he did not respond to the court's order and produce items by September 16, 2008. He responds that his assistant was on medical leave of absence from open heart surgery from mid-July to mid-August, and that he has a personal matter that involved the health of his wife, and he asked the court to allow him to respond to these requests by November 28, 2008.

The Magistrate Judge concludes that based upon the recitation of the facts alone, the actions of the defendants in responding to discovery in this matter do not amount to merely excusable neglect. In this case, the defendants were in possession of the request for production of documents and interrogatories from September 2007 through the current date, and many of them remain unaddressed or inadequately addressed notwithstanding two separate orders to respond. The defendants have not filed responses to either Motion to Compel; nor have they filed any motions to reconsider court orders compelling production or raised in any timely fashion an objection to the production of the items sought as required by the civil rules of procedure. The testimony of Mr. Barlow in particular indicates to the court that these defendants were not taking their obligations to comply with discovery in a serious manner, and in many instances did not attempt to comply at all.

Motions to compel must sometimes be filed when necessary to properly adjudicate whether claims of privilege are proper with respect to certain items, or when an argument can be made that requests are unduly burdensome. However, parties are not free to completely disregard court orders by failing to respond at all, or by responding in a grossly inadequate manner.  That is what has occurred in this case.  The question then becomes, "What is the appropriate sanction to be issued in this case?"

There is significant case law that establishes that entries of default or entries barring the use of certain evidence are extreme sanctions and should not be entered by the court in the first instance.  Therefore, the Magistrate Judge concludes that the following sanctions should apply in this case:

1. The defendants shall respond to all outstanding discovery requests fully and completely by December 5, 2008.  By their failure to raise any formal objection to the disclosure of these items, all objections to their production have now been waived except as to any claim of attorney-client privilege.  The withholding of any documents on that basis shall be accompanied by the appropriate privilege log.

2. The defendants shall pay a fine of One Thousand Dollars ($1,000.00) within 30 days of the date of this entry.

3. The defendants shall pay the reasonable attorney's fees to plaintiffs' counsel for the filing of the motions to compel before this court.  The plaintiffs shall submit their proposed attorney's fees petition within 30 days of the date of this order.  The defendants shall have 15 days to respond.  The payment of the

plaintiffs' attorney's fees should be made not later than 30 days from the date the court enters the final order with respect to the appropriate amount of attorney's fees.

Pursuant to FED.R.CIV.P. 72(a), any objection to this order shall be filed by not later than 10 days from the date of this order.

**SO ORDERED.**

**Dated:** November 20, 2008

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Dwight Timothy Born
TERRELL BAUGH SALMON &
   BORN LLP
tborn@tbsblaw.com

Joseph A. Colussi
COLUSSI LAW OFFICE
colussilaw@msn.com

Steven Craig Jackson
FERGUSON & FERGUSON
scj@ferglaw.com

William Edward Jenner
JENNER AUXIER & PATTISON LLP
wjenner@wjennerlaw.net

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com