UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KRISTY L. LESSLEY, <br> KARA J. RHODEHAMEL, <br> and KAYLA M. MESSER, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF MADISON, INDIANA, including <br> its BOARD OF PUBLIC WORKS AND SAFETY, <br> its POLICE DEPARTMENT, and its FIRE <br> DEPARTMENT; et al., <br><br> Defendants. | 4:07-cv-136-DFH-WGH |

## ORDER GRANTING THIRD MOTION TO COMPEL DISCOVERY

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Third Motion of Kristy L. Lessley, Cara J. Rhodehamel and Kayla M. Messer to Compel Discovery Against the City of Madison, Mayor Albert G. Huntington and Robert L. Barlow, II, filed December 26, 2008.  (Docket No. 191).  Defendants' Opposition to Plaintiffs' Third Motion to Compel was filed on January 12, 2009.  (Docket No. 199).  A Reply was filed by the plaintiffs on January 16, 2009.  (Docket No. 206).

This Third Motion to Compel seeks the production of a July 17, 2007 letter written by Robert L. Barlow, II, to Mayor Albert G. Huntington.  The objection to production is on the grounds that the letter is protected by the attorney-client privilege.  Mr. Barlow, who is the City Attorney for the City of Madison, is also

one of three members of the City's Board of Public Works and Safety charged with operating and managing the City, particularly the Police and Fire Departments. This motion to compel and response in opposition address the issue of whether Mr. Barlow may protect communications to the Mayor between the two of them concerning the City Board of Public Works' business by virtue of the attorney-client privilege.

This fact scenario presents a difficult and interesting case for an analysis under the attorney-client privilege. That analysis is one that upon *in camera* review of the document the Magistrate Judge need not make. This is because even if Mr. Barlow might be determined to be acting in his capacity as the City Attorney (and not a board member), and even if this letter was sent in that capacity to the Mayor, it does not contain materials which are protected by the attorney-client privilege.

The communication at issue is a cover letter to the Mayor enclosing a copy of a letter written by plaintiffs' counsel concerning this case. The cover letter written by Mr. Barlow does not discuss the facts underlying these claims, nor does it contain any type of legal analysis of cases or statutes. It does not give advice to the Mayor or City as to how to defend the claims. The only opinion of any sort found in the letter deals with Mr. Barlow's opinion about the "tenor" of the letter, and contains the attorney's impressions about the plaintiffs' lawyer's motive in filing the claims. The Magistrate Judge does not believe that these opinions are legal opinions subject to the protection of the attorney-client

privilege, and the letter does not constitute the giving of legal advice to the Mayor.

Therefore, the Magistrate Judge concludes that the letter at issue does not contain the giving of legal advice, and does not contain the opinions of counsel as to any facts or law that are applicable to this dispute. The letter, therefore, shall be produced within fifteen (15) days of the date of this order, unless there is an appeal to District Judge David F. Hamilton, as is the defendants' right under Federal Rule of Civil Procedure 72(a).

**SO ORDERED.**

**Dated:**  February 4, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Dwight Timothy Born
TERRELL BAUGH SALMON &
  BORN LLP
tborn@tbsblaw.com

Joseph A. Colussi
COLUSSI LAW OFFICE
colussilaw@msn.com

Steven Craig Jackson
FERGUSON & FERGUSON
scj@ferglaw.com

William Edward Jenner
JENNER AUXIER & PATTISON LLP
wjenner@wjennerlaw.net

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com