UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KRISTY L. LESSLEY,<br>KARA J. RHODEHAMEL,<br>and KAYLA M. MESSER,<br><br>           Plaintiffs,<br><br>      v.<br><br>THE CITY OF MADISON, INDIANA, including<br>its BOARD OF PUBLIC WORKS AND SAFETY,<br>its POLICE DEPARTMENT, and its FIRE<br>DEPARTMENT; et al.,<br><br>           Defendants. | 4:07-cv-136-DFH-WGH |

## ORDER ON MOTION TO REMOVE THE "CONFIDENTIAL" DESIGNATION

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the Motion to Remove the "Confidential" Designation from Police Misconduct Records filed by plaintiffs on January 8, 2009. (Docket No. 194). Defendants' Response in Opposition to Plaintiffs' Motion to Remove Confidential Designation was filed on January 22, 2009. (Docket No. 215). Plaintiffs' Reply was filed on January 30, 2009. (Docket No. 216).

The Magistrate Judge, being duly advised, now **GRANTS** the motion, **subject to certain redaction requirements.**

Plaintiffs seek the unsealing of the "confidential" disciplinary records of defendant police officers. These records were initially produced but sealed

pursuant to a protective order. Defendants argue that: (1) they have a legitimate privacy interest in these records; (2) pursuant to Ind. Code § 5-14-3-4 these records should not be disclosed to the public at large; and (3) disclosure of police officer personnel records would jeopardize the safety of the officers.

Defendants are correct that Ind. Code § 5-14-3-4 does generally prohibit the dissemination of certain records to the public at large. Specifically, that section of the Indiana Code provides, in pertinent part:

> **Public policy; construction; burden of proof for nondisclosure**
>
> Sec. 1. A fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. Providing persons with the information is an essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty it is to provide the information. This chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.
>
> . . . .
>
> **Records excepted from disclosure requirements; time limitations; destruction of records**
> *Note: This version of section effective 7-1-2008. See also preceding version of this section, effective until 7-1-2008.*
>
> Sec. 4. (a) The following public records are excepted from section 3 of this chapter and may not be disclosed by a public agency, unless access to the records is specifically required by a state or federal statute or is ordered by a court under the rules of discovery:
>
>> (1) Those declared confidential by state statute.

>    (2)  Those declared confidential by rule adopted by a public agency under specific authority to classify public records as confidential granted to the public agency by statute.
>
>    (3)  Those required to be kept confidential by federal law.
>
> . . . .
>
>    (12)  A Social Security number contained in the records of a public agency.
>
> . . . .
>
> (b)  Except as otherwise provided by subsection (a), the following public records shall be excepted from section 3 of this chapter at the discretion of a public agency:
>
>    (1)  Investigatory records of law enforcement agencies. However, certain law enforcement records must be made available for inspection and copying as provided in section 5 of this chapter.
>
> . . . .
>
>    (6)  Records that are intra-agency or interagency advisory or deliberative material, including material developed by a private contractor under a contract with a public agency, that are expressions of opinion or are of a speculative nature, and that are communicated for the purpose of decision making.
>
> . . . .
>
>    (8)  Personnel files of public employees and files of applicants for public employment, except for:
>
>       (A)  the name, compensation, job title, business address, business telephone number, job description, education and training background, previous work experience, or dates of first and last employment of present or former officers or employees of the agency;

>>(B)  information relating to the status of any formal charges against the employee; and
>
>>(C)  the factual basis for a disciplinary action in which final action has been taken and that resulted in the employee being suspended, demoted, or discharged.
>
>However, all personnel file information shall be made available to the affected employee or the employee's representative. This subdivision does not apply to disclosure of personnel information generally on all employees or for groups of employees without the request being particularized by employee name.
>
>. . . .
>
>>(21)  The following personal information about a complainant contained in records of a law enforcement agency:
>
>>>(A)  Telephone number.
>
>>>(B)  The complainant's address.  However, if the complainant's address is the location of the suspected crime, infraction, accident, or complaint reported, the address shall be made available for public inspection and copying.

Ind. Code §§ 5-14-3-1, 5-14-3-4.  However, although this statute does protect some information from public disclosure, defendants have not pointed to, and the court has been unable to locate, any authority which supports their assertion that a police officer's disciplinary files must remain confidential under all circumstances.  In fact, Ind. Code § 5-14-3-4 provides that these documents may be disclosed by a public agency if "access to the records . . . is ordered by the court under the rules of discovery."  Therefore, the very language of the

statute provides for disclosure pursuant to a court order. Furthermore, Ind. Code § 5-14-3-4(b)(8)(B) and (C) explicitly provide that certain information may be disclosed "at the discretion of the public agency" even absent a court order, including information about formal charges filed against a public employee and the factual basis surrounding a disciplinary action. Because the material sought by plaintiffs consists of the disciplinary files of Madison police officers, it appears that Ind. Code § 5-14-3-4 does not bar the disclosure of this information. Therefore, the court must examine whether some other authority requires that such records must be kept confidential.

The Federal Rules of Civil Procedure permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). Because this rule implicates the legitimate privacy interests of litigants, Rule 26 further provides that a court, upon a showing of good cause, may enter a protective order to protect any party to a lawsuit from annoyance or embarrassment. FED.R.CIV.P. 26(c). The U.S. Supreme Court has acknowledged that, even though not explicitly set forth in the rule, Rule 26 implicitly protects an individual's privacy interest. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 n.21, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

The Seventh Circuit has explained that courts must be mindful that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945-46 (7th Cir. 1999). Hence, any protective order sought by defendants must only protect "properly demarcated categor[ies] of legitimately confidential information." *Id.* at 946. In determining whether or not to disclose specific information, courts must balance two competing interests – the possible harm of disclosure versus the public's interest in open judicial proceedings. *Cincinnati Ins.,* 178 F.3d at 945. There are important factors that the court must consider, including privacy interests, whether the information sought is important to public health and safety, and whether a public official is the person seeking protection. *Wiggins v. Burge,* 173 F.R.D. 226, 230 (N.D.Ill. 1997).

In weighing all of these concerns, the court finds persuasive a decision within the Seventh Circuit where a judge was presented with the opportunity to address the disclosure of police officer disciplinary records. In *Bond v. Utreras,* Judge Lefkow provided a compelling case for disclosure of such material:

> Defendants contend that "granting Kalven access to the protected documents he seeks to obtain is prejudicial to defendants because it would make public documents that cast defendants in an unfavorable light while depriving them of the ability and opportunity to effectively to [sic] respond to them." The fact that the allegations of police misconduct contained in the requested materials would bring unwanted, negative attention on defendants is not a basis for

> shielding the materials from public disclosure.  The public has a significant interest in monitoring the conduct of its police officers and a right to know how allegations of misconduct are being investigated and handled.  *See Doe v. Marsalis,* 202 F.R.D. 233, 238 (N.D.Ill. 2001).  The court acknowledges that some and perhaps even all of the allegations contained in the disputed documents may not be true, but it trusts that "[t]he general public is sophisticated enough to understand that a mere allegation of police [abuse], just like a lawsuit, does not constitute actual proof of misconduct."  *Wiggins,* 173 F.R.D. at 230.  Moreover, to the extent that the allegations are indeed unfounded, the court is unpersuaded by defendants' bare assertion that they will be unable to demonstrate that to the public.  The City has its own public relations department and there are no doubt countless media outlets that would invite City officials to participate in an open and frank discussion regarding these and other allegations of police misconduct.
>
> Defendants' contention that the police officers' privacy interest outweighs the public's interest in the disclosure of the disputed documents is similarly unpersuasive.  While the defendant officers have a valid privacy interest in the protection of private and sensitive information such as their social security numbers, home addresses and telephone numbers, the protective order already provides for and Kalven consents to the redaction of such information.  Defendants contend that the defendant officers' complaint and disciplinary histories, whether summarized in list form or employee complaint histories, or in the investigative files in which the officer is accused of misconduct, are also part of their employee personnel file and thus protected from disclosure.  That information, though personal, has a distinct public character, as it relates to the defendant officers' performance of their official duties.  Without such information, the public would be unable to supervise the individuals and institutions it has entrusted with the extraordinary authority to arrest and detain persons against their will.  With so much at stake, defendants simply cannot be permitted to operate in secrecy.

*Bond v. Utreras,* 2007 WL 2003085 at *3 (N.D.Ill 2007).  In *Utreras,* a non-party to a case that had already settled sought disclosure of police officer disciplinary records.  Despite the fact that the information sought was not part of a judicial decision, Judge Lefkow found that the public's right to this information

outweighed any desire on the part of the defendants to keep it secret.  This is important because, unlike in *Utreras*, the court here will be relying on these police disciplinary records as part of its decision on summary judgment.  The public interest in full disclosure is strongest in those instances where the discovery materials form the basis for a judicial decision.  *O'Malley v. Village of Oak Brook,* 2008 WL 345607 at *1 (N.D.Ill. 2008) (citing *Baxter Intern., Inc. v. Abbott Laboratories,* 297 F.3d 544, 545 (7th Cir. 2002)("those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality")).  The decision in *Utreras* is in line with other decisions within this Circuit.  *See Doe v. Marsalis,* 202 F.R.D. 233 (N.D.Ill. 2001); *McGee v. City of Chicago,* 2005 WL 3215558 (N.D.Ill. 2005).

      The Magistrate Judge, therefore, concludes that the disciplinary records should be unsealed, subject to certain redaction requirements.  Specifically, prior to further use or publication of those records, plaintiffs shall provide a redacted copy of the records, removing from that copy:

    (a)    Those items required to be redacted by FED.R.CIV.P. 5.2;

    (b)    All references to an officer's home address or telephone number; and

    (c)    The names, addresses, and telephone numbers of any person who filed any complaint against an officer, if that person did so based upon any policy or regulation granting the person the right to complain anonymously.

The redactions shall be prepared and presented to defendant's counsel for compliance with this order ten (10) days before any purported use by the plaintiffs.

**SO ORDERED.**

**Dated:** February 27, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Dwight Timothy Born
TERRELL BAUGH SALMON &
   BORN LLP
tborn@tbsblaw.com

Joseph A. Colussi
COLUSSI LAW OFFICE
colussilaw@msn.com

Steven Craig Jackson
FERGUSON & FERGUSON
scj@ferglaw.com

William Edward Jenner
JENNER AUXIER & PATTISON LLP
wjenner@wjennerlaw.net

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com