UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| KRISTY L. LESSLEY, <br> KARA J. RHODEHAMEL, <br> and KAYLA M. MESSER, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF MADISON, INDIANA, including <br> its BOARD OF PUBLIC WORKS AND SAFETY, <br> its POLICE DEPARTMENT, and its FIRE <br> DEPARTMENT; et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 4:07-cv-136-DFH-WGH |

## ORDER ON PLAINTIFFS' FOURTH
## MOTION TO COMPEL DISCOVERY

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the Fourth Motion of Kristy L. Lessley, Kara J. Rhodehammel and Kayla M. Messer to Compel Discovery Against the City of Madison, Chief Robert Wolf and James Lee, filed January 20, 2009 (Docket No. 208). Defendants' Response in Opposition to Plaintiffs' Fourth Motion to Compel was filed February 4, 2009. (Docket No. 219). Plaintiffs' Reply was filed February 5, 2009. (Docket No. 220).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Plaintiffs' Fourth Motion to Compel Discovery.

The plaintiffs' original motion seeks to compel the City of Madison and Chief Robert Wolf to allow the inspection of Chief Wolf's original handwritten documents in the office of Chief Wolf's Madison, Indiana legal counsel, and to produce a copy

of the Indiana State Police CD-rom used by Chief Wolf and the City of Madison to prepare warrantless search standard operating procedures.  Pursuant to the defendants' response in this matter (Docket No. 219), those two requests have now been complied with, and the Fourth Motion to Compel as to those items is **DENIED, as moot.**  The remaining question is whether this court should issue an order compelling James Lee to produce certain non-privileged e-mails.

As to Mr. Lee's e-mails, the plaintiffs allege that Mr. Lee testified in his deposition that he did not use e-mails to communicate concerning strip search matters, police misconduct matters, or Board of Public Works and Safety matters.  The plaintiffs further allege that he gave the same answer in response to discovery requests.  However, in reviewing certain files from Robert L. Barlow, II (another member of the Board), plaintiffs located at least one e-mail between Mr. Lee and Mr. Barlow.  Plaintiffs then requested Mr. Lee to produce all of his e-mails from an e-mail account (referred to in this opinion as XXXXXX72@verizon.net).

In response, Mr. Lee's counsel has responded with a privilege log and has stated that "the only e-mails Mr. Lee has are those described in that privilege log, all of which are attorney-client privilege documents."  (See letter of January 8, 2009, Fourth Motion to Compel, Exhibit E).

Mr. Lee has apparently stated under oath in his deposition and in sworn answers to two discovery requests that he possesses no e-mails concerning the matters raised in this case.  Some e-mails have been produced, and there is no argument currently before the court that the attorney-client privilege has been improperly asserted with respect to any specific document listed on the privilege

log. However, it does appear that Mr. Lee has used some e-mails in this matter. Mr. Lee is directed to review his e-mail account and file a supplemental answer to the discovery requests. If his answer is that he possesses no e-mails other than those listed in the privilege log, the court is satisfied that his supplemental answer under oath will suffice to resolve the remaining issue. In the event Mr. Lee reviews his e-mail account and determines that there are other e-mails directed to any defendant in this case for the period of time from the date of the alleged improper strip searches through the present, he is to produce those e-mails.

Therefore, the Plaintiffs' Fourth Motion to Compel Discovery is **GRANTED, in part,** only as to Mr. Lee's obligation to file a supplemental answer to the discovery requests and to produce the e-mails listed in the supplemental answer, if any, within fifteen (15) days of the date of this entry.

**SO ORDERED.**

**Dated:** March 3, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Dwight Timothy Born
TERRELL BAUGH SALMON & BORN LLP
tborn@tbsblaw.com

-4-

Joseph A. Colussi
COLUSSI LAW OFFICE
colussilaw@msn.com

Steven Craig Jackson
FERGUSON & FERGUSON
scj@ferglaw.com

William Edward Jenner
JENNER AUXIER & PATTISON LLP
wjenner@wjennerlaw.net

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com